# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**Civil Case Number:** _____

| | |
|---|---|
| James Thompson, | : |
| Plaintiff, | : |
| vs. | : |
| Total Card, Inc.; and DOES 1-10, inclusive, | : |
| Defendants. | : |

## COMPLAINT

For this Complaint, Plaintiff, James Thompson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, James Thompson ("Plaintiff"), is an adult individual residing in Belleair, Florida, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant, Total Card, Inc. ("Total Card"), is a South Dakota business entity with an address of 5109 S Broadband Lane, Sioux Falls, South Dakota 57108-2208, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual employees and/or agents employed by Total Card and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Total Card at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, Total Card began placing calls to Plaintiff's cellular telephone, number 727-xxx-9987, using an automatic telephone dialing system ("ATDS").

8. When Plaintiff answered calls from Total Card, he heard silence and had to wait on the line before he was connected to the next available representative.

9. In or around April 2016, Plaintiff spoke with a live representative and requested that the calls cease.

10. Nevertheless, Total Card continued to place automated calls to Plaintiff's cellular telephone number.

11. Thereafter, Plaintiff made numerous requests for the calls to cease, however the calls from Total Card continued.

12. By letter dated July 28, 2016, Plaintiff's counsel sent Total Card a demand letter ("Demand Letter") and draft Complaint via certified mail return receipt.

13. The Demand Letter was received by Total Card on August 2, 2016.

14. The Demand Letter included a request that Total Card cease all calls to Plaintiff's cell phone number 727-xxx-9987.

15. On or about August 9, 2016, Plaintiff received another call from Total Card.

16. Total Card's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

**COUNT I**
**VIOLATIONS OF THE TCPA – 47 U.S.C. § 227,** *et. seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. At all times mentioned herein, Defendants called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

19. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

20. Defendants' telephone system(s) have some earmarks of a predictive dialer.

21. When Plaintiff answered calls from Defendants, he heard silence before Defendants' telephone system would connect him to the next available representative.

22. Defendants' predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. Defendants placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

24. The telephone number called by Defendants was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

25. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

27. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 12, 2017

Respectfully submitted,
By   /s/ Stan Michael Maslona
Stan Michael Maslona, Esq.

          Florida Bar Number: 86128
          Lemberg Law, LLC
          43 Danbury Road, 3rd Floor
          Wilton, CT 06897
          Bar No:86128
          Telephone: (203) 653-2250
          Facsimile: (203) 653-3424
          smaslona@lemberglaw.com